UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BRENDA KAYE DAVIS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:14-CV-106-PLR-HBG |
| NORTHPOINT SENIOR SERVICES, *ET AL.*, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Compel Discovery Responses [Doc. 47], to which the Defendants have responded in opposition, [Doc. 52]. The parties appeared before the undersigned on December 9, 2015, to present oral arguments on this motion. The Court finds that the motion is now ripe for adjudication, and for the reasons stated below, the Motion to Compel Discovery Responses will be **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

Plaintiff alleges she was terminated from her position as a Certified Nursing Assistant ("CNA") at the Jefferson City Health & Rehabilitation Facility ("the Facility") due to her age and race in violation of the Tennessee Human Rights Act. She pleads common law claims of negligent supervision and retention, and she also alleges that Defendants interfered with contract in violation of 42 U.S.C. § 1981, by terminating her based upon her race.

In April 2015, the parties appeared before the undersigned, via telephone, for a discovery-dispute conference to address Plaintiff's discovery requests relating to prior complaints of discrimination and wrongful termination, information about potential comparitors, and prior settlement agreements. The Court entered a Memorandum and Order stating, in part, "The Court orders Defendants to provide documents and records regarding employee discipline arising from the care and/or interaction with patients, short of termination. Plaintiffs should be permitted to explore all levels of disciplinary actions against employees who engage in terminable offenses even if they are not terminated as a result of those actions." [Doc. 36 at 3].

On November 16, 2015, the Defendants – Jefferson Operator, LLC and Northpoint Senior Services, LLC – filed a Motion for Summary Judgment [Doc. 45], arguing that they were entitled to entry of judgment in their favor because: they had provided non-pretextual reasons for Plaintiff's termination; Plaintiff's negligence claim is barred by the statute of limitations and/or it cannot be established; and Plaintiff cannot fulfill the statutory elements of 42 U.S.C. § 1981. On November 20, 2015, Plaintiff filed the instant motion, and on November 23, 2015, Plaintiff filed a Motion for Extension of Time to Respond to the Motion for Summary Judgment [Doc. 49]. The District Judge granted the Plaintiff's request for extension. [Doc. 51].

## II. POSITIONS OF THE PARTIES

In her motion, Plaintiff moves the Court to find that Northpoint Senior Services, LLC is Plaintiff's employer for purposes of this action and is a properly-named party, and therefore, it must respond to discovery requests. Further, Plaintiff moves the Court to order Defendants to produce three types of internal discipline forms: grievance forms, event forms, and performance improvement forms. Plaintiff also seeks incident reports filed with the State of Tennessee.

Plaintiff maintains that Defendants should produce all of these forms from January 2007 to the present.  Plaintiff seeks the personnel files of employees identified in response to her requests and the personnel file of Michael Murphy.  In addition, Plaintiff seeks: Defendants' EEO-1 reports from 2007 to present; all relevant policies from Defendants and a table of contents for the same; Defendants' financial information; and non-privileged documents in Defendants' litigation files from other cases.  Plaintiff also moves the Court to order Defendants to pay Plaintiff's litigation costs.

Defendant responds by providing the Declaration of Debby Vento, who has served as the administrator of the Facility since May 2012.  Therein, Ms. Vento identifies eight people, excluding Plaintiff, who she describes as being "every single employee who has been disciplined, reprimanded, and or reported to the State of Tennessee for issues with patient care or interaction since January 2007."  [Doc. 52-6 at 3].  Based upon this information provided in response to the Motion to Compel, Defendants state that they have produced all information and records related to comparable employees.  [Doc. 52 at 9].

Defendants argue that Plaintiff's other discovery requests are overbroad and unduly burdensome and that several of the requests are new and not ripe for relief under Rule 37 of the Federal Rules of Civil Procedure.  Defendant also argues that Northpoint Senior Services, LLP is "improperly named in this lawsuit," and therefore, is not required to respond to certain discovery.  Defendant maintains that it has produced the requested policies and the financial information ordered by the Court.  Defendant contends that sanctions are not appropriate.

3

### III. ANALYSIS

The Court has considered the positions of the parties and the applicable law, including the newly-revised Rule 26 of Federal Rules of Civil Procedure. The Motion to Compel Discovery Responses will be **GRANTED IN PART** and **DENIED IN PART** as follows:

A. **Northpoint Senior Services, LLC, ("Northpoint")**. Counsel for Northpoint conceded at the hearing that Northpoint has been properly served and is a party to this litigation. Counsel directed the Court to Defendants' Motion for Summary Judgment, as demonstrating that Northpoint could be dismissed from this case. First, the Court finds that Northpoint has not filed a motion to dismiss pursuant to Fed. R. Civ. P. 12, alleging that Northpoint should be dismissed because it was improperly named – *e.g.* motions are often filed seeking to dismiss Wal-Mart Stores Inc. and substitute with Wal-Mart Stores East, LP, see Case No. 2:14-CV-279. Second, even with a dispositive motion pending, a party cannot unilaterally decide that it will not participate in discovery. Northpoint offers no law in support of its assertion that it "was, in fact, improperly named in this lawsuit, and is not required to respond and produce documents" [Doc. 52 at 7], and the Court finds that this assertion is contrary to the Federal Rules of Civil Procedure. Accordingly, to the extent Northpoint has declined to respond to any discovery based upon this assertion, this objection is **OVERRULED**. Northpoint is **ORDERED** to fully respond on or before **January 22, 2016**.

B. **State Incident Reports**. Ms. Vento testified that she identified sixty-four incident reports filed with the State of Tennessee since 2007. [Doc. 52-6 at ¶ 5]. The Court finds that the state incident reports fall within the scope of discovery under Fed. R. Civ. P. 26, and production of these documents will not be overly burdensome. Accordingly,

4

Defendant is **ORDERED** to produce all incident reports from January 2007 to the present for incidents at the Facility on or before **January 22, 2016.**

C. **Event and Grievance Reports**. As an initial matter, the Court finds that the Defendants were ordered to produce these internal reports pursuant to the Court's previous Memorandum and Order. While the terminology assigned to these event and grievance reports by Defendants was only recently disclosed, a number of these reports undoubtedly constitute "documents and records regarding employee discipline arising from the care and/or interaction with patients, short of termination." See e.g., Exhibit 3 to Hearing. At the hearing, the Plaintiff asked only that the Defendants produce the cover sheets to the event reports, which would allow Plaintiff's counsel to follow-up on any relevant reports, without unduly burdening the Defendants. The Court finds that this course is a reasonable course. The Court finds that the event and grievance reports fall within the scope of discovery under Fed. R. Civ. P. 26, and production of these documents, in the tiered manner described above, will not be overly burdensome. Accordingly, Defendant is **ORDERED** to produce all event reports and grievance reports from January 2007 to the present for incidents at the Facility on or before **January 22, 2016.**

D. **Performance Improvement Form.** The performance improvement forms appear to be another step in the Facility's internal investigation mechanism, and again, the Court finds that these documents should have been produced in response to the Court's earlier Memorandum and Order. The Court finds that these forms fall within the scope of discovery under Fed. R. Civ. P. 26, and production of these documents will not be overly burdensome. Accordingly, Defendant is **ORDERED** to produce all performance

improvement forms from January 2007 to the present for employees at the Facility on or before **January 22, 2016.**

E. **Policies and Procedures**. To the extent they have not already done so, Defendants shall produce all relevant policies and procedures to the Plaintiff. Specifically, the Defendants shall provide Plaintiff with a copy or screenshot of the online "table of contents" for these policies. The Court finds that the policies, procedures, and the "table of contents" fall within the scope of discovery under Fed. R. Civ. P. 26, and Defendants are **ORDERED** to produce them to Plaintiffs on or before **January 22, 2016.**

F. **EEO-1 Forms.** The Court finds that the EEO-1 forms, which are demographic reporting forms, fall within the scope of discovery under Fed. R. Civ. P. 26, and production of these documents will not be overly burdensome. Accordingly, Defendant is **ORDERED** to produce all EEO-1 forms for the Facility from January 2007 to the present on or before **January 22, 2016.**

G. **Disclosure of the Potential Comparitors**. Plaintiff initially served her interrogatories on Defendants in October 2014. In her interrogatories, Plaintiff asked that Defendants identify all employees of the facility who have been accused of mistreatment of residents from 2004 to the present and asked that for each employee Defendants *inter alia* describe the allegation against the employee, the personnel action taken, and state whether the employee was terminated. Defendants initially posed a generic objection regarding burdensomeness and relevance, but in amended responses served February 25, 2015, they stated "since purchased in February 2007 by Defendant Jefferson Operator, there has [sic] not been any allegations of abuse of a patient with the exception of Plaintiff." [Doc. 48-2 at 13]. Following entry of the Court's Memorandum and Order in

6

April, Defendants provided a second supplemental answer on May 28, 2015, identifying five persons who were terminated during or after 2007 for patient abuse. [Doc. 48-4 at 2-3]. However, it was not until after Plaintiff filed the instant Motion to Compel in December 2015 that Defendants identified three additional instances of employees terminated in 2007 for abuse of patients. [Doc. 52-6 at 3-4]. The Defendants failed to provide the information about these potential comparitors for over a year and did not provide the names of all of the potentially comparitors until after the Plaintiff filed a Motion to Compel. This delay is unacceptable, especially where the Court stated in April 2015 that Plaintiff should be "permitted to explore all levels of disciplinary actions against employees who engage in terminable offenses, even if they are not terminated as a result of those actions." [Doc. 36 at 3].

**H. Personnel Files of the Potential Comparitors**. The Court finds that, so long as impertinent personal information, such as Social Security numbers, is removed from the personnel files of the potential comparitors, these documents fall within the scope of discovery under Fed. R. Civ. P. 26, and production of these documents will not be overly burdensome. Thus, to the extent the Defendants have not already produced these files, they **SHALL** produce them to Plaintiff's counsel on or before **January 22, 2016**.

**I. Bill Gray's File or Notes**. Defendants' counsel affirmatively represented that Bill Gray, a human resources employee, did not compose or maintain a file or any relevant notes regarding Plaintiff's termination. Defendants **SHALL** file a stipulation stating the same in the record on or before **January 22, 2016**.

7

**J. Northpoint Organizational Chart**. Defendants' counsel affirmatively represented that there is no Northpoint Organizational Chart in existence. Northpoint **SHALL** file a stipulation stating the same in the record on or before **January 22, 2016**.

**K. Chloe Tucker Deposition**. If Defendants or their counsel possess a copy of the deposition of Chloe Tucker from the Donelson case, they shall provide a copy of the deposition to Plaintiff's counsel on or before **January 22, 2016**.

**L. Defendants' Litigation Files**. The Court finds that Plaintiff's request for Defendants' litigation files is not well-taken under Fed. R. Civ. P. 26, and accordingly, it is **DENIED**.

**M. Michael Murphy Personnel File**. The Court finds that the Plaintiff has failed to demonstrate that Mr. Murphy's personnel file is discoverable in this case, and Plaintiff's request that the Court compel Defendants to produce it is **DENIED**.

**N. Financial Information**. For the reasons more fully stated on the record, the Court finds that the Plaintiff's request for the Defendants' financial information is premature, and it is **DENIED WITHOUT PREJUDICE**. The Plaintiff may renew her request as appropriate.

**O. Additional Requests for Relief**. Any additional request for relief not specifically addressed above is **DENIED WITHOUT PREJUDICE**.

When a motion to compel is granted in part and denied in part a court "may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court finds that it has given both parties a reasonable opportunity to be heard on the issue of sanctions. The Court finds that an award of sanctions is appropriate in this case based upon: Defendants' identification of potential comparator employees in a declaration

attached to its response; their failure to produce internal discipline documents in response to the Court's previous Memorandum and Order; and their insistence that Northpoint is not required to respond to discovery, despite a complete dearth of support for this position in the Federal Rules of Civil Procedure.

The Court will order that the Defendants pay **$2,000.00** to Plaintiff or her counsel, if counsel has not yet billed her client for her time. This award represents eight hours of Ms. Morton's time billed at $250 per hour. The Court finds that $250 per hour is a reasonable hourly rate for this work, given Ms. Morton's skill and experience in these types of cases,[1] and the award of only eight hours reflects the fact that Ms. Morton was not successful in all of her arguments before the Court. The Court finds this award is a reasonable apportionment of the fees and expenses incurred in Plaintiff's litigation of this issue. Defendants **SHALL REMIT** this payment on or before **January 29, 2016.**

Further, Defendants and their counsel are **ADMONISHED** that failure to comply with this Memorandum and Order, any other Order of the Court, or the Federal Rules of Civil Procedure

---

[1] Where a party moves the Court to award fees, $300.00 per hour is reasonable compensation for work performed by top-tier attorneys in the Eastern District of Tennessee. See MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E.D. Tenn. Feb. 11, 2014) (recommending that a Washington D.C. litigator's request for $600 per hour be reduced to $300 per hour); Penn. Higher Educ. Assistance Agency v. Coffey, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010) (awarding $260.00 in an employment case to an attorney who has practiced in Knoxville since 1949); Doherty v. City of Maryville, 2009 WL 3241715, *7 (E.D. Tenn. Sept. 30, 2009) (awarding $225 per hour rate for partners and a $175 per hour rate for associates of a law firm that successfully litigated a Constitutional claim in Knoxville); Goodman Properties Inc. v. Blosser, 2012 WL 6765626 (E.D. Tenn. Nov. 13, 2012) (finding $275.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Loyless v. Oliveira, 2012 WL 775084 (E.D. Tenn. Feb.17, 2012) (finding $300 to be a relatively high hourly rate for the Chattanooga legal market but approving the fee in light of no objections); McKay v. Reliance Standard Life Ins. Co., 654 F. Supp.2d 731, 746 (E.D. Tenn. 2009) (approving a $250 hourly rate in an ERISA case); Grant v. Shaw Environmental, Inc., 2013 WL 1305599 (E.D. Tenn. Jan. 30, 2013) (reducing hourly rate in FLSA case, including a request for $440 per hour for out-of-town counsel, to a weighted average of $248.42) *amount of award sustained at* Grant v. Shaw Environmental, Inc., 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013).

9

in the future is likely to result in the imposition of further sanctions[2] pursuant to Rule 37 of the Federal Rules of Civil Procedure.

## V.     CONCLUSION

The Motion to Compel Discovery Responses **[Doc. 47]** is **GRANTED IN PART** and **DENIED IN PART**.  Defendants **SHALL** provide the discovery or file the stipulations discussed above prior to **January 22, 2016**, and **SHALL** remit **$2,000.00** to Plaintiff or her counsel on or before **January 29, 2016**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[2] They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).